## LOCKWOOD and others *vs.* THORNE and others.

Where T. & Co. rendered to L. & Co. an account of their mutual dealings, which contained a charge against the latter of $880.48, and showed a balance of $5623.41 due them, and L. & Co. soon afterwards drew a draft on T. & Co. for an amount corresponding with that balance, which was paid, and they suffered several months to elapse before bringing a suit to recover the item of $880 48 as improperly charged to them; *it was held,* that when L. and Co. drew for the balance of the account as sent to them they agreed to the correctness of the charges made in the account; and that from that time the transaction was closed, and they could only open it by proof of fraud or mistake.

*Held also,* that the fact that afterwards L. & Co. preferred a claim against T. & Co. for the amount of the disputed charge, could not avail the former firm. And that the fact that T. & Co. were willing to negotiate with L. & Co. for a settlement of the matter in controversy ; or that in their dealings with others T. & Co. had been willing to treat other accounts, similarly situated, as open and unsettled, could not change the rights of the parties.

MOTION for a new trial. The action was brought to recover a balance claimed to be due the plaintiffs upon a contract with the defendants for tanning hides. The trial was had at the Ulster circuit in February, 1856, before Mr. Justice GOULD. The facts which appeared upon the trial were substantially the same as are stated in the report of the case in 1 *Kernan,* 170. (*See also same case in* 12 *Barb.* 487.)

Upon the trial the plaintiff offered to prove that soon after the draft of February 17, 1847, was drawn, the plaintiff Lockwood proceeded to New York and had an interview with the defendants, in which he stated that the plaintiffs objected specifically to the charge of deficiency of gain in weight, and told the defendants it could not be allowed; that the defendants then treated the matter as open between the parties upon that charge, and entered into a negotiation with the plaintiffs about it, and proposed to allow part of the amount to the plaintiffs, and neither then nor afterwards before the suit was brought, in any way claimed that the rendering of the account or the drawing of the draft, constituted any bar to the claim of the plaintiffs or any settlement between the parties. The plaintiffs also offered to show that on other occasions, subsequently, the defendants had negotiated with the plaintiffs for the settlement of the claim, treating it as an open and unsettled demand, and had offered to pay a part of it. The plaintiffs also offered to prove that in two instances, one in the year 1844 and the other in 1846, the defendants had charged other tanners in their annual account current with deficiency in gain of weight, and after the tanners had received such accounts and had drawn for the balance and the drafts had been paid by the defendants, the accounts were considered by the defendants as open and unsettled, though not disputed until several weeks afterwards.

All the testimony thus offered being objected to by the defendants was excluded by the court, upon the ground that the whole question had been decided by the court of appeals. The court accordingly held that the plaintiffs, by drawing for and receiving payment of the balance due, according to the account rendered by the defendants, without any accompanying claim or notice that the account was incorrect, concluded the plaintiffs from subsequently disputing the correctness of the account, and that evidence of a subsequent claim by the plaintiffs was inadmissible. To this decision the plaintiffs' counsel excepted. The court thereupon directed a nonsuit to be entered. The plaintiffs' counsel excepted, and upon a bill of exceptions moved for a new trial.

Lockwood *v.* Thorne.

*A. J. Parker*, for the plaintiffs.

*L. Tremain*, for the defendants.

*By the Court*, HARRIS, J. When this case was before the court upon a former occasion, it was held that the mere fact that the plaintiffs had received payment of the amount which the defendants, by their account rendered, had admitted to be due, without then disputing the charge for deficiency of weight, was not sufficient to preclude a recovery for the amount of such charge, upon showing it to be erroneous. This decision was made by a divided court. It so happened, that when the cause found its way into the court of appeals, the judge who dissented in this court, was there to meet it. Nor was this all. It also happened that it fell to the lot of the same dissenting judge to pronounce the judgment of that court. This combination of casualties, such as perhaps never before befell an action, proved fatal to the plaintiff's right to recover. The learned judge, not forgetting his convictions upon the examination of the evidence in this court, took occasion to say, in his opinion, what he could not have learned from the case in the court of appeals, that the weight of evidence preponderated against the finding of the referees. It is not impossible that this view of the merits of the case may have had some influence in the determination of the legal question involved. Under these circumstances it was decided that the fact that within a few days after the plaintiffs received the account stated by the defendants they made their draft for the balance stated, " not a general draft in round figures," but a draft for the *precise balance*, furnished affirmative, and in the opinion of the judge who pronounced the decision, *conclusive* evidence that the plaintiffs had agreed to the account then before them as a *stated* account. It is appropriately added that " the transaction being an account stated, it is *conclusive* upon the parties, unless the plaintiffs show, affirmatively, fraud or mistake."

This, then, is the law of the case. When the plaintiffs, having before them the account, in which they were charged with the item which they now dispute, drew for the balance, they agreed

Lockwood *v.* Thorne.

to the correctness of the charges made in the account. From that time the transaction was closed. The plaintiffs could only open it by proof of fraud or mistake. Of this there is no pretense. The fact that, afterwards, the plaintiffs preferred a claim against the defendants for the amount of the charge in question, cannot avail the plaintiffs. Nor can the fact that the defendants were willing to negotiate with the plaintiffs for a settlement of the matter in controversy, change the rights of the parties. Much less can the fact that, in their dealings with others the defendants have been willing to treat other accounts similarly situated as open and unsettled. Such evidence would not tend, in the slightest degree, to show either fraud or mistake in the settlement; and without this, we have seen that the parties must be held concluded.

I am satisfied that the plaintiffs never for a moment intended to submit to the charge made against them for deficiency of weight in the leather tanned for the defendants. I am equally satisfied that the defendants themselves did not so understand the transaction. The defendants, I have no doubt, were not less surprised than were the plaintiffs, to find themselves, by the decision of the court, made parties to an agreement which they were not conscious of having made. But however this may be, it is not within the legitimate power of this court to relieve the plaintiffs. If the learned judge whose views of the case prevailed in the court of appeals, and whose further fortune in the vicissitudes of legal affairs it has now become to act as counsel for the plaintiffs, has at length become satisfied of the justice of their claim, his only hope will be found, I apprehend, in an effort to induce the court, by whose decision we are controlled, to recall that decision, and to say that the plaintiffs, by receiving from the defendants what they admitted to be due and were willing to pay, did not preclude themselves from asserting and establishing, if they can, another claim against the defendants, the correctness of which had not been admitted. The motion for a new trial must be denied.

[ALBANY GENERAL TERM, March 3, 1856. *Harris, Watson* and *Gould,* Justices.]